UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE LYON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BERGSTROM LAW, LTD.,<br><br>　　　　　　Defendant. | No. 1:16-cv-00401-DAD-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 5) |

On March 24, 2016, plaintiff Nicole Lyon filed a complaint alleging damages against defendant Bergstrom Law, Ltd. for violations of (1) the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ et seq. and (2) the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788–1788.32. (Doc. No. 1.) On May 31, 2016, defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 5.) On July 19, 2016, the court heard oral argument on the motion. (Doc. No. 17.) Attorneys Crosby Connolly and Robert Hyde appeared at the hearing telephonically for plaintiff. (*Id*.) Attorney Katherine Heidbrink appeared telephonically for defendant. (*Id*.) For the reasons set forth below, defendant's motion to dismiss will be denied.

/////

/////

1

## BACKGROUND

Plaintiff alleges that sometime before February 2016, she fell behind in payments allegedly owed on a debt. (Doc. No. 1, at 4.) On or about February 2016, defendant contacted plaintiff by telephone "in an attempt to collect [p]laintiff's alleged debt and left [p]laintiff a voicemail." (*Id*.) Defendant, however, did not disclose in this voicemail message that the communication was from a debt collector. (*Id*.) Plaintiff alleges that this conduct violated 15 U.S.C. § 1692e(11)'s required disclosure that the communication is from a debt collector. (*Id*.) Because this portion of the FDCPA is incorporated by reference in the Rosenthal Act, plaintiff alleges that the conduct violated the Rosenthal Act as well. (*Id*.)

Defendant has moved to dismiss plaintiff's complaint on the grounds that voicemail messages providing only a name and callback number should not be deemed "communication" subject to § 1692e(11)'s required disclosure that the communication is from a debt collector because to make that disclosure in these circumstances could subject the debt collector to liability under violated 15 U.S.C. § 1692c(b) for the unintentional disclosure of the existence of debt to third parties. (Doc. No. 5.) Furthermore, defendant notes, courts have found that repeated calling by debt collectors and not leaving any message can violate the FDCPA as well. (*Id*.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

The purpose of the FDCPA is to protect against harassing, oppressive or abusive conduct by debt collectors. 15 U.S.C. § 1692d. Section 1692e of the FDCPA prohibits any "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* at § 1692e. The Ninth Circuit has held that the statute is to be liberally construed so as to protect the "least sophisticated debtor." *Clark v. Capital Credit & Collection, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). *See also Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938–39 (9th Cir. 2007). This standard is to be applied in order to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous." *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993). Both the language of the statute itself and the decisions of this circuit therefore demand a broad reading of the protections of the FDCPA.

The definition of a "communication" under the FDCPA is "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

Many courts have found that voice mail messages left by debt collectors for debtors are "communications" within the meaning of the statute regardless of whether a debt is mentioned in the message. *Berg v. Merchants Assoc. Collection Div., Inc.*, 586 F. Supp. 2d 1336 (S.D. Fla. 2008) (citing *Belin v. Litton Loan Servicing, LP*, No. 8:06-cv-760-T24-EAJ, 2006 WL 1992410 *4 (M.D. Fla. July 14, 2006) (holding that messages left on debtor's answering machines were "communications" under the FDCPA)); *Hosseinzadeh v. M.R.S. Assocs. Inc.*, 387 F. Supp. 2d 1104, 1115–16 (C.D. Cal. 2005) (holding that a voice mail message is a "communication" under the FDCPA*); but see Biggs v. Credit Collections Inc.*, No. CIV-07-0053-F, 2007 WL 4034997, at *4 (W.D. Okla. Nov. 15, 2007) (ruling that a voice mail message by a debt collector was not a communication because it contained no information regarding a debt); *Koby v. ARS Nat. Services, Inc.*, No. 3:09-cv-00780-JMA, 2010 WL 1438763, at *3-4 (S.D. Cal. Mar. 29, 2010) (a message which merely stated caller's name and asked for a return call, but did not convey directly or indirectly any information about the debt was not "communication" under the FDCPA).

Section 1692e(11) includes a non-exclusive list of conduct that constitutes a false or misleading representations. Section 1692e(11) provides the following conduct is a violation of the FDCPA:

> The failure to disclose . . . in [the] initial oral communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . [.]

Courts have held that not disclosing the above information in a message left for the debtor can be a violation of § 1692e(11). *See Costa v. National Action Financial Services*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007) (finding a voice mail message stating the caller received a phone call in her office for the plaintiff and asking her to return the call were "communications" within the definition of section 1692e(2)); *Hosseinzadeh*, 387 F. Supp. 2d at *1104 (finding messages conveying the fact there was an important matter to attend to and instructions how to do so were "communications" within the meaning of the statute*); see also Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D. N.Y. 2006) (finding that a message solely identifying the debt collector as "NCO Financial Systems" was insufficient to satisfy disclosure requirement of

§ 1692e(11) when the message left for the plaintiff contained "no other suggestion or clue that the correspondence [was] from a debt collector").

Here, the message plaintiff alleges that defendant left on her answering machine constitutes "communication" within the meaning of § 1692a(2).  Plaintiff alleges that "[o]n or about February, 2016, [d]efendant contacted [p]laintiff by telephone in an attempt to collect [p]laintiff's alleged debt and left [p]laintiff a voicemail.  In this February, 2016 voicemail, [d]efendant failed to disclose in this communication that the communication was from a debt collector."  (Doc. No. 1, at 4.)  Although plaintiff has not alleged exactly what was said in the message, § 1692a(2) applies to information conveyed "directly or indirectly."  *Hosseinzadeh*, 387 F. Supp. 2d at 1116.  *See also Belin,* 2006 WL 1992410, at *4 (where messages were repeatedly left on plaintiff's answering machine only giving the name of the caller, a phone number to call, directions to have plaintiff call that number, but not disclosing that they came from a debt collector found to be messages indirectly conveying information about a debt because their purpose was to have the debtor to return the call to discuss the debt).

Accordingly, this court concludes the message allegedly left by defendant was a "communication," subjecting defendant to the provisions of § 1692e.  Since plaintiff alleges defendant did not disclose that this communication was from a debt collector, plaintiff has sufficiently alleged a violation of § 1692e(11). *See Edwards v. Niagra Credit Solutions, Inc.*, 584 F.3d 1350, at 1353-54 (7th Cir. 2009) (Alarcon, J. sitting by designation) ("It was not reasonable for [defendant] to violate § 1692e(11) of the Fair Debt Collection Practices Act with every message it left in order to avoid the possibility that some of those messages might lead to a violation of § 1692c(b).")

For the reasons set forth above,

1) Defendant's motion to dismiss the complaint (Doc. No. 5) is denied; and

2) Defendant is directed to file an answer within fourteen days after notice of this order.

IT IS SO ORDERED.

Dated:   **August 5, 2016**                          _____
                                                     UNITED STATES DISTRICT JUDGE