Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Attorneys for Nicole Lyon

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicole Lyon,<br><br>                   Ms. Lyon,<br><br>v.<br><br>Bergstrom Law, Ltd.,<br><br>                   Bergstrom. | **Case No: 1:16-CV-00401-DAD-SKO**<br><br>**Memorandum of Points & Authorities In Support of Plaintiff's Motion Regarding Discovery**<br><br>**Date: November 2, 2016**<br>**Time: 9:30 AM**<br>**Courtroom: 7**<br><br>**Judge: Hon. Sheila K. Oberto** |

## I. Introduction

Plaintiff, Nicole Lyon believes her Requests for Admissions, that were properly served on Defendant, Bergstrom Law, Ltd., on or about June 10, 2016, pursuant to Fed. R. Civ. P. 36(a)(1), are deemed admitted as a matter of law pursuant to Fed. R. Civ. P. 36(a)(3).

Further, Lyon seeks an order compelling Bergstrom to respond to Lyon's Request for Production of Documents and Interrogatories that were served on Bergstrom on or about June 10, 2016, pursuant to Fed. R. Civ. P. 33(a)(1) and Fed. R. Civ. P. 34(a)(1)(A), as Bergstrom has failed to respond in any way to Lyon's discovery.

Lyon also seeks monetary sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A), and the Court's inherent authority, in connection with Bergstrom's unjustified failure to provide responses to Lyon's discovery requests as required by Fed. R. Civ. P. 33(b)(2) and Fed. R. Civ. P. 34(b)(2). Lyon seeks recovery of reasonable attorneys' fees of $2507.50, explained in more detail in the attached declaration of Lyon's counsel, Crosby S. Connolly.

## II. Statement of the Facts

On March 24, 2016 Lyon filed this current lawsuit against Bergstrom Law, Ltd. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"). *Court Docket No. 1*. This same day the Court ordered a Scheduling Conference to be set for June 28, 2016. *Court Docket No. 3*. Subsequently, on May 31, 2016, Bergstrom filed a Motion to Dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). *Court Docket No. 5*. On June 2, 2016, Crosby S. Connolly, Lyon's counsel, telephonically met and conferred with Kate Heidbrink, Bergstrom's counsel, regarding the Joint Scheduling Report as required in the Court's March 24, 2016 Order. *Decl. of Mr. Connolly, ¶ 7*. Subsequently, on June 10, 2016, Lyon's counsel mailed Bergstrom the Request for Admissions, and

1  Request for Production of Documents and Interrogatories that are the focus of this
2  motion. *Exhibit A*.

3        On June 23, 2016, Ms. Heidbrink emailed Mr. Connolly, acknowledging
4  receipt of Lyon's discovery requests and requesting an extension on Bergstrom's
5  responses to those requests until "30 days after the motion to dismiss is decided,
6  assuming that BLL [Bergstrom Law, Ltd.] is ordered to answer." *Exhibit B*.  In an
7  attempt to minimize court and attorney resources required in this case, as well as
8  attorneys' fees and costs, Mr. Connolly responded to Ms. Heidbrink's email that
9  same day, agreeing to the request. *Exhibit B*.  Subsequently, on August 5, 2016, the
10 Court denied Bergstrom's Motion to Dismiss.  *Court Docket No. 18*.

11       Pursuant to the stipulation between Lyon and Bergstrom, Bergstrom's
12 discovery responses were due 30 days from August 5, 2016, that is, September 4,
13 2016, the date Bergstrom's Motion to Dismiss was denied by this Court.  On
14 August 5, 2016, following the Court's Order denying Bergstrom's Motion to
15 Dismiss, Mr. Connolly emailed Ms. Heidbrink to confirm the date Bergstrom
16 intended to provide their responses. *Exhibit C*.  Shortly thereafter, Mr. Connolly
17 was informed by Bergstrom that Heidbrink was no longer an attorney at
18 Bergstrom's office. *Decl. of Mr. Connolly, ¶ 14*.

19       Consequently, that same day Mr. Connolly emailed Jeremy Bergstrom,
20 another attorney at Bergstrom's office, informing Bergstrom that Mr. Connolly was
21 now aware that Ms. Heidbrink was no longer with Bergstrom's law firm, and
22 requesting confirmation of the date Bergstrom intended to provide responses to
23 Lyon's discovery requests. *Exhibit D*. This request went unanswered.
24 Subsequently, on September 12, 2016, Mr. Connolly again emailed Bergstrom as to
25 the status of Bergstrom's responses to Lyon's discovery requests.  *Exhibit E*.
26 Again, this request went unanswered.

27       On September 21, 2016, after hearing nothing back from defense counsel
28 concerning Lyon's discovery requests, and feeling as though Bergstrom was

intentionally refusing to adhere to the Federal Rules, Mr. Connolly emailed, faxed and mailed Bergstrom a meet and confer letter regarding Bergstrom's failure to timely provide Lyon responses to Lyon's discovery requests. *Exhibit F*. In this meet and confer letter, Mr. Connolly stated, in part, "please provide Bergstrom's responses to Lyon's discovery requests, or respond to this request to meet and confer pursuant to LR 251(b) by September 28, 2016. If I do not receive a response by September 28, 2016, I intend to move forward with Lyon's motion to compel discovery responses." *Exhibit F*.

On September 26, 2016, after receiving no response from Bergstrom, Mr. Connolly again emailed Jeremy Bergstrom regarding Lyon's September 21, 2016 meet and confer letter *Exhibit G*. This was ignored. Running out of options, on September 26, 2016, Mr. Connolly left a voicemail with Yvonne McGovern, another attorney in Bergstrom's office, that attended the previous September 8, 2016 Scheduling Conference. Again, this went ignored, and at no time has Lyon's counsel received a response from Ms. McGovern. *Decl. of Mr. Connolly, ¶¶ 22-23*.

On September 28, 2016, Mr. Connolly again emailed Mr. Bergstrom regarding Lyon's September 21, 2016 meet and confer letter. *Exhibit H*. Again, this went ignored. On September 29, 2016, Mr. Connolly again emailed Mr. Bergstrom regarding Lyon's September 21, 2016 meet and confer letter. *Exhibit I*. Again, this went ignored. On September 30, 2016, Mr. Connolly again emailed Jeremy Bergstrom regarding Lyon's September 21, 2016 meet and confer letter. *Exhibit J*. This went ignored. On September 30 and October 3, 2016, Mr. Connolly again attempted to contact Bergstrom telephonically regarding Lyon's September 21, 2016 meet and confer letter, always leaving a voice message. These calls went ignored. *Decl. of Mr. Connolly, ¶¶ 29-31*.

To date, at no time has Lyon's counsel received a response from Bergstrom regarding Lyon's September 21, 2016 meet and confer letter, and consequently Lyon's feels there is no alternative but to move for an order to compel Defendant to

respond to Lyon's request for production of documents and interrogatories and for monetary sanctions.

### III. Argument

First, this Court should compel Bergstrom to produce responses to Lyon's request for production of documents and interrogatory requests. Second, Lyon properly propounded request for admissions to Bergstrom on June 10, 2016 pursuant to Fed. R. Civ. P. 36(a)(1). *Exhibit A*. To date, Bergstrom has failed to provide responses to Lyon's June 10, 2016 request for admissions pursuant to Fed. R. Civ. P. 36(a)(3). As such, Bergstrom's responses are deemed admitted. *Fed. R. Civ. P. 36(a)(3)*.

Lyon propounded Request for Production of Documents as well as Interrogatories to Bergstrom on June 10, 2015 pursuant to Fed. R. Civ. P. 34(a)(1)(A) and Fed. R. Civ. P. 33(a)(1). *Exhibit A*. To date, Plaintiff has received no responses to said requests. This Court should order Bergstrom to compel responses to Lyon's request for production of documents and interrogatories. Bergstrom cannot simply refuse to answer Lyon's discovery requests. A party to an action "may not simply refuse to answer [a discovery request], but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' " *Hansel,* 169 F.R.D. at 305 (quoting *Milner v. National School of Health Tech.*, 73 F.R.D. 628, 632 (E.D.Pa.1977)). Furthermore, a party is obligated to produce all specified relevant and non-privileged documents or other things which are in its "possession, custody or control" on the date specified in the request. Fed.R.Civ.P. 34(a); *Norman Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.,* 576 F.Supp. 511, 512 (W.D.Pa.1983).

### IV. Request for sanctions

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), and the Court's inherent authority, the Court may order Bergstrom to compensate Lyon for the attorneys' fees and costs for Bergstrom's unjustified refusal to timely provide Lyon responses of any kind.

This Court has broad discretion in determining whether or not to award expenses—including determining whether a party's position was substantially justified or whether other circumstances would make an award of expenses unjust—and in determining the amount of the expenses to award. See *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013); *Arnold v. ADT Security Services, Inc.*, 627 F.3d 716, 720-21 (8th Cir. 2010); *Neumont v. State of Florida*, 610 F.3d 1249, 1253 (11th Cir. 2010).

Rule 37(a)(5)(A) provides, in pertinent part: "If the motion [to compel] is granted … the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(a)(5)(A)(iii).

Lyon's counsel, Mr. Connolly, reasonably incurred 8.5 attorney hours in connection with drafting Lyon's Motion to Compel Discovery Responses and accompanying documents, as outlined in Mr. Connolly's declaration. Connolly *Decl., ¶ 34.* Mr. Connolly has been approved for an hourly rate of $250 in *Joan M. Applewhite v. Anaya Law Group, APC*, 5:14-cv-00385-JGB-SP, Court Docket No. 76, p. 5 (S.D. Cal.). *Connolly Decl., ¶ 35.* Since that time Mr. Connolly has increased his hourly billing rate to $295.00 per hour. *Connolly Decl., ¶ 35.* Mr. Connolly has significant experience in FDCPA litigation. *Connolly Decl., ¶ 36.*

**V.     Conclusion**

In sum, Lyon respectfully requests this Court to compel Bergstrom to respond to Lyon's request for production of document and interrogatories within ten days of the Court's order granting the motion to compel. Also Lyon respectfully requests the Court order Bergstrom to compensate Lyon $2507.50 for her reasonable attorneys' fees in connection with the filing Plaintiff's Motion to Compel Discovery Responses and related documents.

**Hyde & Swigart**

Date: October 14, 2016                By: s/ Crosby S. Connolly
                                      Crosby S. Connolly
                                      Attorneys for Lyon