1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

NICOLE LYON,

                   Plaintiff,

     v.

BERGSTROM LAW, LTD.,

               Defendant.

_____/

Case No.  1:16-cv-00401-DAD-SKO

**ORDER ON PLAINTIFF'S "MOTION REGARDING DISCOVERY"**

(Doc. 25)

## I.       INTRODUCTION

On October 14, 2016, Plaintiff Nicole Lyon filed a "Motion Regarding Discovery" based on Defendant Bergstrom Law, Ltd.'s complete failure to provide responses to Plaintiff's outstanding discovery requests consisting of Interrogatories and Requests for Production of Documents.  (Doc. 25.)  Defendant has not filed an opposition to the Motion.

After having reviewed the motion and supporting documents, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court vacated the hearing set for November 2, 2016.  (Doc. 26.)  For the reasons set forth below, Plaintiff's motion is GRANTED.

//

//

## II.    PROCEDURAL AND FACTUAL BACKGROUND

On March 24, 2016, Plaintiff filed a complaint alleging damages against Defendant for violations of (1) the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ et seq., and (2) the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.32.   (Doc. 1.)   Plaintiff alleges that sometime before February 2016, she fell behind in payments allegedly owed on a debt.   (Doc. 1 at ¶ 24.)   In or about February 2016, Defendant contacted Plaintiff by telephone "in an attempt to collect Plaintiff's alleged debt and left Plaintiff a voicemail."   (*Id.* at ¶26.)   Defendant, however, did not disclose in this voicemail message that the communication was from a debt collector.   (*Id.* at ¶ 27.)   Plaintiff alleges that this conduct violated 15 U.S.C. § 1692e(11)'s required disclosure that the communication is from a debt collector.   (*Id.*)   Because this portion of the FDCPA is incorporated by reference in the Rosenthal Act, Plaintiff alleges that the conduct violated the Rosenthal Act as well.   (*Id.* at ¶ 28.)

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on May 31, 2016.   (Doc. 5.)   On June 10, 2016, Plaintiff served Defendant with Requests for Admissions, Requests for Production of Documents ("RFPs"), and Interrogatories.   (Doc. 25-2, Declaration of Crosby S. Connolly in Support of Plaintiff's Motion Regarding Discovery ("Crosby Decl.") at ¶ 8; Doc. 25-4.)   On June 23, 2016, Defendant's counsel, Katherine Heidbrink, Esq., contacted Plaintiff's counsel to request an extension of time to respond to the outstanding discovery "until 30 days after to dismiss is decided, assuming that [Defendant] is ordered to answer."   (Doc. 25-2, Crosby Decl. at ¶ 9; Doc. 25-5.)   Plaintiff's counsel agreed to the requested extension.   (Doc. 25-2, Crosby Decl. at ¶ 10; Doc. 25-5.)

On August 5, 2016, the Court denied Defendant's motion to dismiss.   (Doc. 18.)   As such, pursuant to the parties' stipulation, Defendant's discovery responses were due September 4, 2016. Following the Court's Order denying the motion to dismiss, Plaintiff's counsel emailed Defendant's counsel Ms. Heidbrink to confirm the date Defendant intended to provide their responses.   (Doc. 25-2, Crosby Decl. at ¶ 13; Doc. 25-6.)   Shortly thereafter, Plaintiff's was informed by Defendant that Ms. Heidbrink was no longer an attorney at Defendant's office.   (Doc. 25-2, Crosby Decl. at ¶ 14.)

1       That same day Plaintiff's counsel emailed Jeremy Bergstrom, Esq., another attorney at

2   Defendant's office, informing Mr. Bergstrom that Plaintiff's counsel was now aware that Ms.

3   Heidbrink was no longer with Defendant, and requesting confirmation of the date Defendant

4   intended to provide responses to  Plaintiff's discovery requests.  (Doc. 25-2, Crosby Decl. at ¶ 15;

5   Doc. 25-7.)  This request went unanswered.  (Doc. 25-2, Crosby Decl. at ¶ 16.)  On September 12,

6   2016, Plaintiff's counsel again emailed Mr. Bergstrom as to the status of Defendant's responses to

7   Plaintiff's discovery requests.  (Doc. 25-2, Crosby Decl. at ¶ 17; Doc. 25-8.)  This request also

8   went unanswered.  (Doc. 25-2, Crosby Decl. at ¶ 18.)

9       On September 21, 2016, having received no response from defense counsel concerning

10  Plaintiff's discovery requests, Plaintiff's counsel emailed, faxed, and mailed Defendant a meet and

11  confer letter regarding Defendant's failure to provide responses to Plaintiff's discovery requests.

12  (Doc. 25-2, Crosby Decl. at ¶ 19; Doc. 25-9.)  Plaintiff's counsel received no response to his meet

13  and confer letter, despite numerous email and voicemails requesting a response.  (Doc. 25-2,

14  Crosby Decl. at ¶¶ 20-31; Docs. 25-10 – 25-13.)

15              **III.**        **DISCUSSION**

16  **A.**       **Plaintiff's Interrogatories**

17      Federal Rule of Civil Procedure 33(b)(1)(B)(2) requires that, unless otherwise agreed

18  upon, the responding party must serve its answers and any objections to interrogatories within

19  thirty (30) days after being served.  Additionally, Rule 33(b)(1)(B)(3) and (5) require that each

20  interrogatory, "to the extent it is not objected to, be answered separately and fully in writing and

21  under oath" and signed by the answering party.  Pursuant to Rule 33(b)(1)(B)(4), any untimely

22  objection to the interrogatory is waived, unless the court excuses the failure for good cause.

23      Plaintiff's Interrogatories were served on Defendant on June 10, 2016, and no responses

24  were served within the agreed-upon deadline.  (Doc. 25-2, Crosby Decl. at ¶ 8; Doc. 25-4.)  As of

25  October 13, 2016, despite numerous correspondence sent and voicemail left by Plaintiff's counsel

26  to Defendant, no responses had been received and the discovery requests remain outstanding.

27  (Doc. 25-2, Crosby Decl. at ¶¶ 15-33; Docs. 25-5 – 25-13.)  As such, the Court GRANTS

28  Plaintiff's "Motion Regarding Discovery" to compel Interrogatory responses and orders Defendant

1  to serve written responses to Plaintiff's Interrogatories on or before **November 9, 2016.**  All

2  objections to the Interrogatories have been waived.

3  **B.      Plaintiff's Request for Production of Documents**

4          Pursuant to Federal Rule of Civil Procedure 34(a), a party may request production of

5  documents.  Rule 34(b)(2)(B) requires parties answering RFPs to "either state that inspection and

6  related activities will be permitted as requested or state an objection to the request, including the

7  reasons" in each response.  If the party to whom the request was directed fails to appropriately

8  respond, Rule 37(a)(1) allows the requesting party to "move for an order compelling disclosure or

9  discovery."

10         Plaintiff's RFPs were served on June 10, 2016, and no responses were received by the

11  agreed-upon deadline; further, Defendant has failed to respond to Plaintiff's counsel's inquiries

12  requesting responses.  (Doc. 25-2, Crosby Decl. at ¶¶ 15-33; Docs. 25-5 – 25-13.)  As Defendant

13  has failed to provide responses, the Court GRANTS Plaintiff's "Motion Regarding Discovery" to

14  compel RFP responses and orders Defendant to serve responses to Plaintiff's RFPs on or before

15  **November 9, 2016.**  All objections to the RFPs have been waived.  If Defendant determines that

16  there are no documents responsive to any given RFP, it shall so state in a written answer to the

17  RFPs.

18  **C.      Attorney's Fees and Costs**

19         Pursuant to Rule 37(a)(5)(A), if a motion to compel discovery responses is granted, and if

20  the Court gives the non-responsive party an opportunity to be heard, then the court "must . . .

21  require the party . . . whose conduct necessitated the motion, the party or attorney advising that

22  conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

23  including attorney's fees."  Plaintiff request attorney's fees for 8.5 hours at a rate of $295.00 per

24  hour, totaling $2507.50 to prepare this motion.  (Doc. 25-2, Crosby Decl. at ¶¶ 15-33.)

25         Local Rule 251(e) provides that a party responding to a motion to compel discovery "shall

26  file a response . . . not later than seven (7) days before the hearing date."  Defendant was afforded

27  an opportunity to be heard in opposition to Plaintiff's "Motion Regarding Discovery" to compel

28  discovery responses and failed to file any response whatsoever.  (*See also* Rule 37 advisory

committee's note, 1993 amendments (an opportunity to be heard includes both written submissions and oral hearings).)  Plaintiff's Motion has been granted, and the Court must require Defendant to pay Plaintiff's reasonable attorney's fees.  Rule 37(a)(5)(A).

The Court finds, however, that the 8.5 hours requested by Plaintiff is excessive, considering the straight-forward nature of this motion and the lack of opposition, and determines instead that five (5) hours is a more reasonable amount of time.  Accordingly, the Court ORDERS Defendant to pay Plaintiff's reasonable attorney's fees in the amount of $1475.00 (5 hours at $295.00 per hour).

### IV.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1.    Plaintiff's "Motion Regarding Discovery" to compel responses to Interrogatories and Requests for Production of Documents (Doc. 25) is GRANTED;

2.    Defendant is ORDERED to serve written responses to Plaintiff's Interrogatories and Requests for Production of Documents by **November 9, 2016;** and

3.    Defendant is ORDERED to pay Plaintiff's attorney, Crosby S. Connolly, Esq., of Hyde & Swigart, reasonable attorney's fees in the amount of $1475.00 within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated:   **November 2, 2016**                         /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE