# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE LYON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BERGSTROM LAW, LTD.,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:16-cv-00401-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S UNOPPOSED MOTION TO STRIKE DEFENDANT'S ANSWER PURSUANT TO FED. R. CIV. P. 37(b)(2)(A)(iii) BE GRANTED AND DEFAULT ENTERED**<br><br>(Doc. 30)<br><br>**OBJECTIONS DUE: 14 DAYS** |

## I.　　INTRODUCTION

On December 28, 2016, Plaintiff Nicole Lyon filed a Motion to Strike Defendant's Answer Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) based on Defendant Bergstrom Law, Ltd.'s failure to obey the Court's Order entered November 2, 2016 (Doc. 27), to provide discovery and to pay attorney's fees. (Doc. 30.) Defendant has not filed an opposition to the Motion.

Plaintiff's motion is therefore deemed unopposed. After having reviewed the papers and supporting material, the matter is deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court hereby VACATES the hearing set for January 18, 2017. For the reasons set forth below, the undersigned RECOMMENDS that Plaintiff's unopposed motion be GRANTED, that Defendant's Answer be STRICKEN, and that the Clerk be DIRECTED to ENTER DEFAULT against Defendant.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On March 24, 2016, Plaintiff filed a complaint alleging damages against Defendant, a law firm, for violations of (1) the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ et seq., and (2) the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.32. (Doc. 1.) Plaintiff alleges that sometime before February 2016, she fell behind in payments allegedly owed on a debt. (Doc. 1 at ¶ 24.) In or about February 2016, Defendant contacted Plaintiff by telephone "in an attempt to collect Plaintiff's alleged debt and left Plaintiff a voicemail." (*Id*. at ¶26.) Defendant, however, did not disclose in this voicemail message that the communication was from a debt collector. (*Id.* at ¶ 27.) Plaintiff alleges that this conduct violated 15 U.S.C. § 1692e(11)'s required disclosure that the communication is from a debt collector. (*Id.*) Because this portion of the FDCPA is incorporated by reference in the Rosenthal Act, Plaintiff alleges that the conduct violated the Rosenthal Act as well. (*Id.* at ¶ 28.)

On October 14, 2016, Plaintiff filed a "Motion Regarding Discovery" based on Defendant Bergstrom Law, Ltd.'s complete failure to provide responses to Plaintiff's outstanding discovery requests consisting of Interrogatories and Requests for Production of Documents. (Doc. 25.) Defendant did not file an opposition to the Motion. On November 2, 2016, the Court granted Plaintiff's motion and ordered Defendant to serve written responses to Plaintiff's Interrogatories and Requests for Production of Documents by November 9, 2016, and to pay Plaintiff's attorney reasonable attorney's fees in the amount of $1,475.00 by December 2, 2016. (*See* Doc. No. 27.)

On November 3, 2016, Plaintiff's counsel, Crosby S. Connolly, mailed, faxed and emailed Defendant and Jeremy Bergstrom, a partner in Defendant, notice of the Court's November 2, 2016 Order. (*See* Doc. 30, Ex. 2, Declaration of Crosby S. Connolly ("Connolly Decl."), ¶ 9 and Ex. A.) On November 9 and 14, 2016, Mr. Connolly left voicemails with Yvonne McGovern, an attorney with Defendant, requesting an update as to the status of Defendant's discovery responses. (*See id.* ¶¶ 10, 11.)

On November 14, 2016, Mr. Connolly spoke with a secretary in Defendant's office who informed him that Mr. Bergstrom would be returning Mr. Connolly's phone call "shortly." (*See id.* ¶ 12.) The call went unreturned. (*See id*. ¶ 13.) That next day, Mr. Connolly once again

contacted Defendant and left a voicemail in its general mailbox inquiring as to the status of Defendant's discovery responses. (*See id.* ¶ 14.)

On November 16, 2016, Mr. Connolly and Robert L. Hyde, a partner at Hyde & Swigart, called Mr. Bergstrom to discuss Defendant's failure to comply with the Court's November 2, 2016 Order. During this phone call, Mr. Bergstrom stated, among other things, that he was a "little behind" with his work load, and "had not read the Court Order." (*See id.* ¶ 15.) On November 21, 2016, Plaintiff filed a "Notice of Defendant's Failure to Comply with the November 2, 2016 Court Order," indicating that Defendant had not complied with the Court's Order. (Doc. 28.)

On December 8, 2016, Mr. Connolly informed Ms. McGovern that Plaintiff intended to file a motion to strike Defendant's answer for refusing to comply with the Court's November 2, 2016 Order. (*See id.* ¶ 16.) Plaintiff filed another "Notice of Defendant's Failure to Comply with the November 2, 2016 Court Order" on December 12, 2016, again advising the Court of Defendant's failure to comply. (Doc. 29.) On December 28, 2016, Plaintiff filed the present motion to strike pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) (Doc. 30), to which Defendant did not file an opposition (*see* Docket). To date, Defendant has not complied with the Court's Order of November 2, 2016.

### III.   DISCUSSION

#### A.   Legal Standard

Under Federal Rule of Civil Procedure 37, the Court may impose sanctions against a party that fails to obey a court order to provide discovery, including "striking pleadings in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A)(iii). Before striking a pleading, and declaring default as a result, a court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). "Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).

//

In addition, "[w]here the sanction results in default, the sanctioned party's violations must be due to the 'willfulness, bad faith, or fault' of the party." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (quoting *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994)). *See also Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Hyde & Drath*, 24 F.3d at 1167. "A single willful violation may suffice depending on the circumstances." *United States v. Approximately $30,000.00 in U.S. Currency*, No. 1:13-CV-1542 GSA, 2015 WL 5097707, at *8 (E.D. Cal. Aug. 28, 2015). *See also Probuilders Specialty Ins. Co. v. Valley Corp.*, No. C10-05533 EJD HRL, 2012 WL 6045753, at *4 (N.D. Cal. Nov. 28, 2012) ("Although case-dispositive sanctions are usually reserved for repeated violations of court orders, even a single willful violation may suffice, depending on the circumstances.").

**B.    Analysis**

As in most cases, the first two factors "facially favor" Plaintiff. *See United States v. $61,000.00 in U.S. Currency*, No. 2:11-CV-09384-ODW, 2013 WL 1867536, at *2 (C.D. Cal. May 3, 2013). Defendant's inaction has also caused Plaintiff prejudice: Plaintiff has not been able to obtain responses to Interrogatories and Requests for Production of Documents from Defendant, which in turn has "obstruct[ed] Plaintiff's ability to adequately and reasonable [sic] pursue her case." (Doc. 30 at 3:25-26.) While public policy generally favors a decision on the merits, less drastic measures here are unlikely to be effective. The Court imposed lesser sanctions in its November 2, 2016 Order, requiring Defendant to provide written responses to Plaintiff's Interrogatories and Requests for Production of Documents and awarding reasonable attorney's fees in the amount of $1,475.00—to no avail. (*See* Doc. 27.) Defendant's failure to comply with its discovery obligations and the Court's November 2, 2016 Order—not to mention its failure to oppose this very motion—demonstrates that a lesser sanction would likely be met with continued disinterest.

Finally, Defendant's failure to cooperate in discovery could not possibly have been caused by circumstances beyond its control. By entering an appearance and contesting this action,

including filing an unsuccessful motion to dismiss (Docs. 5, 18), Defendant was aware that it would be required to provide discovery to Plaintiff. *See, e.g., $61,000.00 in U.S. Currency*, 2013 WL 1867536, at *2. It is clear that Defendant's subsequent failure to answer discovery in violation of the Court's November 2, 2016 Order constitutes willfulness, bad faith, or fault on its part. Indeed, two weeks after its entry, Defendant had not yet even *read* the Court's November 2, 2016 Order, despite Plaintiff's counsel's repeated inquiries as to Defendant's compliance with the Order.

## IV.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's unopposed Motion to Strike Defendant's Answer Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) (Doc. 30) be GRANTED;
2. Defendant's Answer (Doc. 19) be STRICKEN; and
3. The Clerk of Court be DIRECTED to ENTER DEFAULT against Defendant.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 17, 2017**                     /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE