Katherine G. Heidbrink, Esq.
SBN 289122
*Pro Se*
1108 Nugent Avenue
Bay Shore, NY 11706
(949) 701-8071
kheidbrink@gmail.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| NICOLE LYON,<br><br>                Plaintiff,<br><br>vs.<br><br>BERGSTROM LAW, LTD.,<br>                Defendant. | Case No.: 16-00401<br><br>**DECLARATION OF KATHERINE HEIDBRINK REGARDING REPRESENTATION** |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

I, Katherine G. Heidbrink, Esq., formerly of the law firm of Bergstrom Law, Ltd., hereby attest as follows:

1. I am over the age of 18 and not a party in the action.

2. I am a licensed attorney in the States of California, Massachusetts, and New York.

3. I have personal knowledge of the events stated in this Declaration, and, if called as a witness, could competently testify to same. Alternatively, I have gained firsthand knowledge of the events based on my former firm's business records relating to this case file, as set forth below.

4. I was formerly an Associate Attorney at BLL. My last day of employment was July 19, 2016. I withdrew from BLL voluntarily to pursue a Bankruptcy Associate position at Shapiro, DiCaro & Barak, LLC ("SD&B"), my current employer. SD&B has no

involvement with the instant case. A true and correct copy of my resignation letter is affixed as **Exhibit A.**

5. My current practice at SD&B is exclusively limited to New York bankruptcy law. As a result, while my California license is active, I am not currently practicing in California. A true and correct copy of the State Bar Attorney Search page for me is affixed as **Exhibit B.** Please note that this exhibit shows I am no longer employed with BLL.

6. During my employment with BLL, I was the firm's only attorney licensed in California, Massachusetts, and New York. As a result, upon information and belief, BLL had to hire counsel when I left to continue its multistate practice.

7. At the time I left, BLL did not have a California-licensed attorney admitted to the United States District Court for the Eastern District of California. Resultantly, I gave BLL my express written permission to file its Answer in this case (ECF Doc. No. 19, filed on August 19, 2016).

8. At the time I left, BLL and I agreed that BLL would have its new counsel substitute into all of my existing cases as quickly as possible. BLL's employees set up a system wherein both the firm and I would receive email notification regarding any filing in any case that used my e-filing credentials. For instance, my e-filing credentials for this court send email notice directly to my personal email (kheidbrink@gmail.com), as well as to BLL (at mbardis@jbergstromlaw.com).

9. With the exception of the instant case, upon information and belief, BLL's new counsels have commenced filing in my former cases. For instance, on January 17, 2017, I received eleven email notifications regarding New York State e-filing (NYSECF) wherein BLL's new New York counsel filed Affidavits in cases initially commenced by me.

10. Additionally, since leaving BLL, I have promptly forwarded notice intended for my

former firm to it in whatever form is appropriate. This includes ECF notifications for pleadings in this case.

11. I am now making this Declaration because Plaintiff's counsel believes that serving me at my personal Gmail address is due and sufficient service upon BLL in the instant case. Please note that kheidbrink@gmail.com is a different email address than the one in my pleadings in the instant case (kheidbrink@jbergstromlaw.com). A true and correct copy of my correspondence with Plaintiff's counsel is attached as **Exhibit C**.

12. Additionally, in the above-referenced email correspondence, Plaintiff's counsel orders that I file documents in this case if I wish to withdraw my representation. *See* **Exhibit C**.

13. Plaintiff's counsel also notes that he has conversed with Jeremy Bergstrom, the Managing Attorney of BLL, in our email exchange. *See* **Exhibit C**. To my knowledge, the service address for BLL and its phone and fax numbers have not changed since I filed a Motion to Dismiss on behalf of BLL (ECF Doc. No. 5, filed May 31, 2016 during my employment with BLL).

14. The correspondence in **Exhibit C** creates a difficulty for me. I am not currently authorized to file on behalf of BLL or withdraw its appearance in this case, notwithstanding the current filings regarding striking its answer. As such, personally filing and appearing at a Motion to Withdraw would be both expensive and unauthorized.

15. My appearance in this case was always and, until now, exclusively, on behalf of Defendant BLL. I never had any personal involvement in this case.

16. Further, upon information and belief, none of the underlying factual allegations at issue concern my former role as an Associate Attorney at BLL, since I did not make collections calls. In fact, I have never corresponded directly with the represented Plaintiff.

17. Given all of the facts set forth above, my current employer recommended that I file a letter

with the court explaining the situation. In New York bankruptcy practice, an informal letter is a common and ordinary paper. I thought a Declaration would be more routine in California federal district court.

18. Thus, the instant Declaration is hereby filed to clarify that I am not a proper party for attempted service upon BLL, since even my former appearance was on behalf of the firm, not myself personally. Additionally, I have no authorization to file, or intention of filing, additional pleadings or papers in this case.

Respectfully submitted,

**BERGSTROM LAW, LTD.**

Dated: January 19, 2017  /s/ Katherine G. Heidbrink, Esq.
KATHERINE G. HEIDBRINK, ESQ.