UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE LYON,<br><br>           Plaintiff,<br><br>      v.<br><br>BERGSTROM LAW, LTD.,<br><br>           Defendant. | No. 1:16-cv-00401-DAD-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 31) |

Plaintiff Nicole Lyon filed this action on March 24, 2016, alleging claims for damages against defendant Bergstrom Law Ltd., a law firm, for violations of (1) the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ *et seq.*, and (2) the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.32. (Doc. No. 1.)  On January 17, 2017, the assigned magistrate judge issued findings and recommendations recommending that defendant's answer be stricken and the Clerk of Court be directed to enter default against defendant. (Doc. No. 31.)  The findings and recommendations were served on defendant's current counsel of record via the Court's Case Management/Electronic Case File system, *see* Local Rules 135 and 137, with instructions that any objections thereto must be filed by January 31, 2017.

/////

/////

/////

On January 19, 2017, defendant's counsel of record, Katherine Heidbrink, filed a "Declaration Regarding Representation." (Doc. No. 32.)[1] The court will construe this filing as defendant's objections to the pending findings and recommendations, however, defendant's counsel's filing does not discuss any of the underlying issues addressed in the pending findings and recommendations and provides no basis upon which the court should decline to adopt them. (Doc. No. 31.) As such, plaintiff's objections to defendant's filing (Doc. No. 33) are overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The January 17, 2017 findings and recommendations (Doc. No. 31) are adopted in full;
2. Defendant's answer (Doc. 19) is stricken; and

/////

/////

---

[1] In that filing attorney Heidbrink states that as of July 19, 2016, she is no longer employed by defendant, that she and defendant agreed that defendant "would have its new counsel substitute into all of [her] existing cases as quickly as possible," and that "she is not authorized to file on behalf of [defendant] or withdraw its appearance in this case." (Doc. No. 32 ¶¶ 4, 8, 14.) The docket reflects, however, that attorney Heidbrink has neither submitted a "substitution of attorneys" under Local Rule 182(g), nor filed a motion for leave to withdraw as counsel of record pursuant to Local Rule 182(d). Until she either substitutes another attorney into this action on defendant's behalf or is granted leave to withdraw, attorney Heidbrink continues to serve as defendant's counsel of record, regardless of her employment status. To the extent that attorney Heidbrink is suggesting that defendant was not served with the court's findings and recommendations through the Court's CM/ECF system, that suggestion is belied by her own declaration in which she states:

> [Defendant]'s employees set up a system wherein both the firm and I would receive email notification regarding any filing in any case that used my e-filing credentials. For instance, my e-filing credentials for this court send email notice directly to my personal email (kheidbrink@gmail.com), as well as to [defendant] (at mbardis@jbergstromlaw.com).

(Doc. No. 32 ¶ 8; *see also id.* ¶ 10 ("Additionally, since leaving [defendant], I have promptly forwarded notice intended for my former firm in whatever form is appropriate. This includes ECF notifications for pleadings in this case.").

3. The Clerk of Court is directed to enter default against defendant.

IT IS SO ORDERED.

Dated: **March 29, 2017**  _____
UNITED STATES DISTRICT JUDGE

3