# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE LYON,<br><br>Plaintiff,<br><br>v.<br><br>BERGSTROM LAW, LTD.,<br><br>Defendant.<br>_____ / | Case No. 1:16-cv-00401-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Doc. 38)** |

Pending before the Court is Plaintiff's Motion for Default Judgment. (Doc. 38.) To date, Defendant has not filed an opposition to this motion. The undersigned has reviewed Plaintiff's Motion for Default Judgment, as well as its supporting documentation, and determined pursuant to Local Rule 230(g) that this matter is suitable for decision without oral argument.

For the reasons set forth herein, the undersigned RECOMMENDS that the presiding district court judge GRANT Plaintiff's Motion for Default Judgment. (*Id.*)

### I. BACKGROUND

This action involves allegations that Defendant, a debt collector, violated the federal Fair Debt Collection Practices Act (the "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") when it left a voicemail for Plaintiff in approximately February 2016.

"Plaintiff is a natural person who resides in the City of Clovis, State of California." (Doc. 1 ¶ 14.) According to the Complaint, Plaintiff "alleged[ly] . . . incurred certain financial obligations related to student loans" sometime "before February . . . 2015" (the "Debt"). (*Id.* ¶ 21.) This Debt was "primarily for personal, family or household purposes." (*Id.* ¶ 22.)

Defendant "is a law firm based in Nevada." (Doc. 5 at 3.) The Complaint asserts that Defendant "uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (Doc. 1 ¶ 17.) Plaintiff alleges that the Debt "was assigned, placed, or otherwise transferred . . . to Defendant for collection" at some time "before February . . . 2016." (*Id.* ¶ 25.)

In the Complaint, Plaintiff asserts that, "[o]n or about February . . . 2016, Defendant contacted Plaintiff by telephone in an attempt to collect Plaintiff's alleged [D]ebt and left Plaintiff a voicemail" (the "February 2016 Communication"). (*Id.* ¶ 26.) The Complaint also includes an allegation that "Defendant failed to disclose in [the February 2016 Communication] that the communication was from a debt collector." (*Id.* ¶ 27.) The Complaint further alleges that "[a]ny violations by Defendant were knowing, willful, and intentional." (*Id.* ¶ 5.) The Complaint does not provide any additional allegations regarding the February 2016 Communication, such as the content of the voicemail. (*See* Doc. 1.)

Plaintiff filed the Complaint in this Court on March 24, 2016. (*Id.*) The Complaint includes two claims alleging violations of the FDCPA (Count I) and the Rosenthal Act (Count II). (*See id.* ¶¶ 29–34.) The Complaint also includes the following prayers for relief: (1) "statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A)," (2) "costs of litigation and reasonable attorney's fees . . . pursuant to 15 U.S.C. § 1692k(a)(3)," (3) "statutory damages of $1,000.00 pursuant to [California Civil] Code § 1788.30(b)," and (4) "costs of litigation and reasonable attorney's fees . . . pursuant to [California Civil] Code § 1788.30(c)." (*Id.* at 6.) On May 6, 2016, Plaintiff effectuated service of the Complaint on Defendant. (*See* Doc. 4.)

On May 31, 2016, Defendant filed a Motion to Dismiss Complaint, in which it argued that dismissal was appropriate under Federal Rule of Civil Procedure 12(b)(6). (Doc. 5.) The

presiding district court judge denied this motion in an opinion entered on August 5, 2016.  (Doc. 18.)  Defendant then filed an Answer to the Complaint on August 19, 2016.  (Doc. 19.)

On October 14, 2016, Plaintiff filed a Motion Regarding Discovery, in which she requested that the Court compel Defendant's responses to certain discovery requests.  (Doc. 25.) In an order entered on November 2, 2016, the undersigned granted this motion to compel, ordered Defendant "to serve written responses to" certain discovery requests "by November 9, 2016," and ordered Defendant "to pay Plaintiff's attorney . . . reasonable attorney's fees in the amount of" $1,475.00 "within thirty . . . days."  (Doc. 27 at 5.)

On November 21, 2016, Plaintiff notified the Court that Defendant failed to comply with the undersigned's order to serve written responses to certain discovery requests by November 9, 2016.  (Doc. 28.)  On December 12, 2016, Plaintiff notified the Court that Defendant also failed to comply with the undersigned's order to pay reasonable attorneys' fees to Plaintiff's counsel. (Doc. 29.)

Subsequently, on December 28, 2016, Plaintiff filed a Motion to Strike Defendant's Answer Pursuant to Fed. R. Pro. 37(b)(2)(A)(iii) (the "Motion to Strike"), in which Plaintiff requested that the Court strike Defendant's Answer due to Defendant's failure to comply with the undersigned's November 2, 2016 order.  (Doc. 30.)  In findings and recommendations entered on January 17, 2017, the undersigned recommended that the presiding district court judge grant Plaintiff's Motion to Strike.  (Doc. 31.)  In an order entered on March 30, 2017, the presiding district court judge adopted the F&R, ordered that Defendant's Answer "is stricken," and directed the Clerk "to enter default against [D]efendant."  (Doc. 35 at 2–3.)  The Clerk entered default against Defendant on the same date.  (Doc. 36.)

On April 25, 2017, Plaintiff filed the Motion for Default Judgment.  (Doc. 38.)  On the same date, Plaintiff effectuated service of this motion on Defendant.  (*See* Doc. 38, Ex. 3.) Nonetheless, to date, Defendant has not filed any responsive brief to Plaintiff's Motion for Default Judgment.  As such, Plaintiff's Motion for Default Judgment is ready for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). *See* Fed. R. Civ. P. 55(b)(2). "[D]efault does not entitle the non-defaulting party to a default judgment as a matter of right . . . ." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 785 (9th Cir. 2011). Rather, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted).

In *Eitel v. McCool*, the Ninth Circuit identified seven "[f]actors which may be considered by courts in exercising discretion as to the entry of a default judgment," including (1) "the possibility of prejudice to the plaintiff," (2) "the merits of plaintiff's substantive claim," (3) "the sufficiency of the complaint," (4) "the sum of money at stake in the action," (5) "the possibility of a dispute concerning material facts," (6) "whether the default was due to excusable neglect," and (7) "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." 782 F.2d 1470, 1471–72 (9th Cir. 1986). The "general rule" is "that default judgments are ordinarily disfavored." *Id.* at 1472. Nonetheless, in applying the *Eitel* "discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo v. Triunfo–Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("In reviewing a default judgment, [the] court must take the well-pleaded factual allegations of [the complaint] as true." (citing *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986))). "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation omitted). Further, "necessary facts not contained in the pleadings, and claims which are legally insufficient,

are not established by default." *Id.* (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### III. ANALYSIS OF THE *EITEL* FACTORS

The undersigned shall address each of the *Eitel* factors, in turn. For the reasons provided below, the undersigned finds that these factors weigh in favor of the entry of default judgment against Defendant.

**A. The Possibility of Prejudice to Plaintiff**

"The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment." *Joe Hand Promotions, Inc. v. Dhillon*, No. 2:15-cv-1108-MCE-KJN, 2015 WL 7572076, at *2 (E.D. Cal. Nov. 25, 2015). In the present matter, the Court struck Defendant's Answer to the Complaint. (Doc. 35 at 2.) Defendant's failure to file a valid and surviving Answer has stalled this litigation and potentially prejudiced Plaintiff by leaving her with no recourse to recover for any harm allegedly caused by Defendant's actions. The undersigned therefore finds that the first *Eitel* factor weighs in favor of the entry of default judgment. *See, e.g.*, *Otter Prods. LLC v. Ace Colors Fashion, Inc.*, No. 2:14–cv–00141–ODW(PJWx), 2014 WL 4187947, at *3 (C.D. Cal. Aug. 21, 2014) (stating that "[a] plaintiff suffers prejudice" under the first *Eitel* factor "if there is no recourse for recovery absent default" (citing *Philip Morris USA, Inc.*, 219 F.R.D. at 499)).

**B. The Merits of Plaintiff's Claims and the Sufficiency of the Complaint**

"The second and third *Eitel* factors address the merits and sufficiency of [the plaintiff's] claims pled in the complaint." *HICA Educ. Loan Corp. v. Warne*, No. 11–CV–04287–LHK, 2012 WL 1156402, at *2 (N.D. Cal. Apr. 6, 2012). *See generally U.S. ex rel. Hajoca Corp. v. Aeroplate Corp.*, No. 1:12–cv–1287–AWI–BAM, 2013 WL 3729692, at *3 (E.D. Cal. July 12, 2013) (addressing the second and third *Eitel* factors "together because of the relatedness of the two inquiries"). "Together, 'these two factors require that a plaintiff state a claim on which the plaintiff may recover.'" *Rolex Watch U.S.A., Inc. v. Watch Empire LLC*, CASE NO.: CV 13-09221-SJO (FFMx), 2015 WL 9690322, at *3 (C.D. Cal. Sept. 29, 2015) (quoting *PepsiCo, Inc. v.*

*Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)); *see, e.g.*, *Discovery Commc'ns, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001) ("The Ninth Circuit has suggested that the . . . two *Eitel* factor[s] . . . involving the substantive merits of [the plaintiff's] claims and the sufficiency of the complaint . . . 'require that [the] plaintiff's allegations state a claim on which they may recover.'" (quoting *Kloepping v. Fireman's Fund*, No. C-94-2684, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996))).

1. Count I—Violation of the FDCPA

In Count I, Plaintiff alleges that Defendant's conduct violated "the FDCPA, 15 U.S.C. § 1692 et seq." (Doc. 1 ¶¶ 29–31.) "The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Gonzales v. Arrow Fin. Servs., Inc.*, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). "The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Id.* at 1060–61. "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." *Id.* (citing *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011)).

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "A debt collector's liability under § 1692e of the FDCPA is an issue of law." *Forkum v. Co-Operative Adjustment Bureau, Inc.*, 44 F. Supp. 3d 959, 962 (N.D. Cal. 2014) (citing *Gonzales*, 660 F.3d at 1061). "Whether conduct violates [Section 1692e] . . . requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)). "The 'least sophisticated debtor' standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Gonzales*, 660 F.3d at 1061 (quoting *Terran v.*

*Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997)). "The standard is 'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naive,' particularly when those individuals are targeted by debt collectors." *Id.* at 1062 (quoting *Duffy v. Landberg*, 215 F.3d 871, 874–75 (8th Cir. 2000)). "At the same time, the standard 'preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care.'" *Id.* (alterations in original) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). As such, "[t]he FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations." *Id.* (citation omitted).

"In addition, '[i]n assessing FDCPA liability, [courts] are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.'" *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014) (quoting *Donohue*, 592 F.3d at 1034). "In other words, a debt collector's false or misleading representation must be 'material' in order for it to be actionable under the FDCPA." *Id.* (quoting *Donohue*, 592 F.3d at 1033). "Immaterial errors, by definition, would not frustrate a debtor's ability to intelligently choose an appropriate response to a collection effort." *Davis v. Hollins Law*, 832 F.3d 962, 964 (9th Cir. 2016) (citation omitted).

"Section 1692e sets forth a non-exclusive list of conduct that constitutes a violation of Section 1692e." *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1076 (E.D. Cal. 2007). As pertinent here, Section 1692e(11) provides that it "is a violation of" Section 1692e for a debt collector to "fail[] to disclose in the . . . initial oral communication [with the consumer] . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."[1]  15 U.S.C. § 1692e(11).  "[T]he purpose of the FDCPA requires a liberal

---

[1] For purposes of Section 1692e, the term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The term "debt," in turn, means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 1692a(5). Additionally, the term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). Finally, the term "communication" is defined for

construction of § 1692e(11) so as to protect the least sophisticated consumer . . . ." *Costa*, 634 F. Supp. 2d at 1076 (citation omitted). Consequently, courts "have tended to enforce" this Section "strictly." *Calvert v. Alessi & Koenig, LLC*, No. 2:11–CV–00333–LRH–PAL, 2013 WL 592906, at *5 (D. Nev. Feb. 12, 2013) (citations omitted).

Here, the Complaint includes allegations that the Debt is an "obligation[]" incurred by Plaintiff that is "related to student loans" and "primarily for personal, family or household purposes." (Doc. 1 ¶¶ 21–22.) The Complaint also alleges that Defendant "is a person who uses an instrumentality of interstate commerce . . . in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (*Id.* ¶ 17.) Finally, the Complaint alleges that Defendant contacted Plaintiff in the February 2016 Communication "in an attempt to collect [the Debt]," but "failed to disclose in this [voicemail] that the communication was from a debt collector." (*Id.* ¶¶ 26–27.)

These allegations—which the Court accepts as true for purposes of Plaintiff's Motion for Default Judgment, *see, e.g.*, *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)—are sufficient to establish that Defendant, acting as a "debt collector," failed to disclose in the February 2016 initial "communication" with Plaintiff, a "consumer," that Defendant was attempting to collect a "debt" and that any information Defendant obtained would be used for that purpose. *See* 15 U.S.C. § 1692a(2) (defining the term "communication"); *id.* § 1692a(3) (providing the meaning of the term "consumer"); *id.* § 1692a(5) (defining the term "debt"); *id.* § 1692a(6) (providing the meaning of the term "debt collector"). *See generally Pasquale v. Law Offices of Nelson & Kennard*, 940 F. Supp. 2d 1151, 1159 (N.D. Cal. 2013) ("[V]oicemails are communications that must conform to the disclosure requirements of section 1692e(11)." (quoting *Lensch v. Armada Corp.*, 795 F. Supp. 2d 1180, 1189 (W.D. Wash. 2011))). Additionally, the least sophisticated consumer would be misled by the February 2016 Communication, as this consumer would be unaware that Defendant was a debt collector absent any statement from

---

purposes of this Section as "the conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

Defendant indicating such. *See, e.g.*, *Reed v. Glob. Acceptance Credit Co.*, No. C-08-01826 RMW, 2008 WL 3330165, at *4 (N.D. Cal. Aug. 12, 2008) ("In determining § 1692e(11) violations, courts have focused on whether the communication would suggest that the message was from a debt collector." (citing *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006))). Further, Defendant's failure to provide any statement in the February 2016 Communication that it was attempting to collect a debt and that any information acquired through the communication would be used for that purpose is material, as it would certainly frustrate Plaintiff's ability to make an intelligent and informed response to this collection effort. *Cf. Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) (stating that the materiality requirement does not apply to Section 1692e(11), as this subsection addresses "omission[s]" and "not . . . a false representation, or any affirmative representation for that matter"), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Thus, these allegations establish for purposes of the instant analysis that Defendant violated Section 1692e(11). *See, e.g.*, *Applewhite v. Anaya Law Grp.*, Case No. EDCV 14-00385 JGB (SPx), 2015 WL 11438097, at *5–6 (C.D. Cal. June 15, 2015) (finding that the defendant violated Section 1692e(11) where it "failed to notify [the plaintiff] that it was a debt collector" in communications with the plaintiff); *Costa*, 634 F. Supp. 2d at 1076 (finding that the defendant violated Section 1692e(11) where the defendant left "messages on [the] plaintiff's voice mail," but "did not disclose the caller's identity . . . or the nature of the call"); *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005) (finding that the defendant violated Section 1692e(11) when it left "messages . . . on [the] plaintiff's answering machine" and did "not convey . . . that the messages were from a debt collector"); *cf. Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1107 (W.D. Wash. 2012) (denying the defendant's motion for summary judgment where there were genuine issues of material fact as to whether the defendant left a voicemail message for Plaintiff in which the defendant failed to "disclose[] that the call was from a debt collector").

The undersigned therefore finds that Plaintiff has adequately stated a claim for a violation of Section 1692e(11) on which Plaintiff may recover.[2] As such, the undersigned finds that the second and third *Eitel* factors are satisfied as to Count I. *See, e.g.*, *Rolex Watch U.S.A., Inc. v. Watch Empire LLC*, CASE NO.: CV 13-09221-SJO (FFMx), 2015 WL 9690322, at *3 (C.D. Cal. Sept. 29, 2015) (stating that, together, the second and third *Eitel* factors "require that a plaintiff state a claim on which the plaintiff may recover" (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002))).

2. <u>Count II—Violation of the Rosenthal Act</u>

In Count II, Plaintiff alleges that the same "acts and omissions" that underlie her FDCPA claim in Count I also "constitute numerous and multiple violations of the Rosenthal Act." (Doc. 1 ¶ 33.) In particular, Plaintiff alleges that Defendant violated Section 1788.17 of the Rosenthal Act. (*Id.* ¶ 28.)

The Rosenthal Act is the "state version of the FDCPA." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). As pertinent here, Section 1788.17 of the Rosenthal Act provides that, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17. In other words, Section 1788.17 "mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100 (citing Cal. Civ. Code § 1788.17). As such, "whether an act 'violates the Rosenthal Act turns on whether it violates the FDCPA.'" *Freligh v. Roc Asset Sols., LLC*, Case No. 16-cv-00653-MEJ, 2016 WL 3748723, at *5 (N.D. Cal. June 8, 2016) (quoting *Riggs*, 681 F.3d at 1100); *see, e.g.*, *Barria v. Wells Fargo Bank, N.A.*, No. 2:15-cv-01413-KJM-AC, 2016 WL 474319, at *4 (E.D. Cal. Feb. 8, 2016) ("[C]onduct by a debt collector that violates the FDCPA violates the Rosenthal Act as well." (citations omitted)).

---

[2] Indeed, given the curious posture of this case, the presiding district court judge also previously determined that Plaintiff "has sufficiently alleged a violation of § 1692e(11)." *Lyon v. Bergstrom Law, Ltd.*, No. 1:16-cv-00401-DAD-SKO, 2016 WL 4161107, at *3 (E.D. Cal. Aug. 5, 2016) (citation omitted).

10

The undersigned previously found that Plaintiff adequately stated a claim for a violation of Section 1692e(11) of the FDCPA. This finding indicates that Defendant's conduct similarly violated the Rosenthal Act. *See, e.g.*, *Barria*, 2016 WL 474319, at *4.

Nonetheless, the Rosenthal Act provides an exception that is potentially implicated in this case. "Because the Rosenthal Act specifically incorporates provisions of the FDCPA, '[l]ike the FDCPA, the [Rosenthal Act] applies only to debt collectors.'" *Ayvazian v. Moore Law Grp.*, No. 2:12–CV–01506–ODW(Ex), 2012 WL 2411181, at *2 (C.D. Cal. June 26, 2012) (first alteration in original) (quoting *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008))). For purposes of the Rosenthal Act, the term "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). However, this definition explicitly excludes "an attorney or counselor at law" from the scope of the meaning of the term "debt collector." *Id.* Based on this exclusionary language, a minority of courts have found that the Rosenthal Act does not apply to law firms. *See, e.g.*, *Ayvazian*, 2012 WL 2411181, at *3; *Minasyan v. Creditors Fin. Grp., LLC*, No. 2:12–cv–01864–ODW(MANx), 2012 WL 2328242, at *2 (C.D. Cal. June 19, 2012); *Owings v. Hunt & Henriques*, Civil No. 08cv1931–L(NLS), 2010 WL 3489342, at *2 (S.D. Cal. Sept. 3, 2010). On the other hand, the majority of courts to address this issue, including courts in this District, have held that notwithstanding the attorney-exclusion language, the Rosenthal Act does apply to law firms. *See, e.g.*, *Davis v. Hollins Law*, 942 F. Supp. 2d 1004, 1008 & 1011 (E.D. Cal. 2013) (Karlton, J.) (collecting cases and holding "that the 'attorney' exemption from the definition of 'debt collector' under the Rosenthal Act does not extend to 'law firms'"); *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1091 & 1094 (E.D. Cal. 2013) (Karlton, J.) (same).

The undersigned is persuaded by Judge Karlton's exhaustive analyses in *Davis* and *Huy Thanh Vo* and similarly finds that the attorney-exclusion provision in the definition of "debt collector" provided in the Rosenthal Act does not extend to law firms. The undersigned therefore finds that, while Defendant is a law firm, this fact does not exempt Defendant from liability under the Rosenthal Act.

1    In summary, the undersigned finds that Plaintiff has stated a claim for a violation of
2 Section 1692e(11) of the FDCPA and, as such, has also stated a claim for a violation of the
3 Rosenthal Act. *See, e.g.*, *Barria*, 2016 WL 474319, at *4 ("[C]onduct by a debt collector that
4 violates the FDCPA violates the Rosenthal Act as well." (citations omitted)). The undersigned
5 also finds that Defendant is not exempt from liability for its violation of the Rosenthal Act due to
6 Defendant's status as a law firm. Accordingly, the undersigned finds that the second and third
7 *Eitel* factors are satisfied as to Count II. *See, e.g.*, *Rolex Watch U.S.A., Inc.*, 2015 WL 9690322, at
8 *3 (stating that, together, the second and third *Eitel* factors "require that a plaintiff state a claim on
9 which the plaintiff may recover" (quoting *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175)).

## C.   The Sum of Money at Stake

Turning to the fourth *Eitel* factor, "the court must [next] consider the amount of money at stake in relation to the seriousness of [the defendant's] conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176-77. "This requires the court [to] assess whether the recovery sought is proportional to the harm caused by [the] defendant's conduct." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010) (citing *Walters v. Statewide Concrete Barrier, Inc.*, No. C 04–2559 JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006)). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to [the] defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) (citing *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06–03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007)); *see also BR North 223, LLC v. Glieberman*, No. 1:10–cv–02153 LJO–BAM, 2012 WL 639500, at *5 (E.D. Cal. Feb. 27, 2012) ("In general, the fact that a large sum of money is at stake is a factor disfavoring default judgment." (citations omitted)). "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." *HICA Educ. Loan Corp. v. Warne*, No. 11–CV–04287–LHK, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6, 2012) (citation omitted).

Here, Plaintiff seeks $2,000 in total statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and California Civil Code § 1788.30(b), as well as an award of reasonable attorneys' fees and costs of litigation. (*See* Doc. 1 at 6.) This amount at stake is both appropriate and proportional to

12

the harm caused by Defendant's conduct. *See, e.g.*, *Jiang v. New Millennium Concepts Inc.*, Case No. 15-cv-04722-JST, 2016 WL 3682474, at *3 (N.D. Cal. 2016) (finding that the fourth *Eitel* factor weighed in favor of default judgment where the plaintiff sought "the maximum $2,000 in statutory damages for violation of the FDCPA and [the Rosenthal Act]," $5,000 in actual costs, and $3,787.90 in attorneys' fees and costs). The undersigned therefore finds that the fourth *Eitel* factor is satisfied in this case.[3]

### D. The Possibility of a Dispute Concerning the Material Facts

"The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case." *United States v. Sterling Centrecorp, Inc.*, No. 2:08–cv–02556 MCE JFM, 2011 WL 2198346, at *6 (E.D. Cal. June 6, 2011) (quoting *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010)). There is little possibility of dispute in this case. Plaintiff included allegations in the Complaint—which the Court accepts as true in the instant analysis—that Defendant violated Section 1692e(11) of the FDCPA and Section 1788.17 of the Rosenthal Act. (*See* Doc. 1.) Additionally, Defendant declined to oppose Plaintiff's Motion for Default Judgment or otherwise file a valid and surviving answer contesting Plaintiff's allegations in the Complaint. The undersigned therefore finds that, based on the record in this case, the fifth *Eitel* factor weighs in favor of granting default judgment. *See, e.g.*, *Vogel*, 992 F. Supp. 2d at 1013 ("Since [the plaintiff's] factual allegations are presumed true and [the defendant] has failed to oppose the motion, no factual disputes exist that would preclude the entry of default judgment."); *Landstar Ranger, Inc.*, 725 F. Supp. 2d at 922 ("Since [the plaintiff] has supported its claims with ample evidence, and [the] defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.").

### E. Whether Defendant's Default Was Due to Excusable Neglect

"The [sixth] *Eitel* factor considers whether a defendant's default may have resulted from excusable neglect." *Vogel*, 992 F. Supp. 2d at 1013 (citation omitted). *See generally United*

---

[3] While the undersigned finds that the amount at stake satisfies the fourth *Eitel* factor, this determination is distinct from whether Plaintiff's requested statutory damages are warranted. The undersigned addresses this latter determination below.

13

*States v. Sanders*, Case No. 1:16-cv-00031-DAD-SAB, 2016 WL 5109939, at *4 (E.D. Cal. Sept. 20, 2016) ("Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003))). In the present action, the record reflects that Plaintiff served Defendant with both the Complaint and the Motion for Default Judgment. (*See* Doc. 4; Doc. 38, Ex. 3.) Nonetheless, Defendant failed to file a valid and surviving answer or respond to the instant Motion for Default Judgment. It is therefore "unlikely that [Defendant's] failure to answer, and the resulting default[] entered by the Clerk of Court, [was] the result of excusable neglect." *State Farm Life Ins. Co. v. Canul*, No. 1:11–cv–01787, 2012 WL 1192778, at *3 (E.D. Cal. Apr. 10, 2012) (citing *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001)); *see, e.g.*, *Kuei*, 194 F. Supp. 2d at 1005 (finding that the defendants' default could not "be attributable to excusable neglect" where they "were properly served with the [c]omplaint, the notice of entry of default, [and] the papers in support of the . . . motion" for entry of default judgment); *see also Protective Life Ins. Co. v. Phillips*, No. CIV S-08-0035 JAM EFB, 2008 WL 4104284, at *3 (E.D. Cal. Aug. 26, 2008) (stating that a defendant's "failure to respond cannot be deemed 'excusable neglect'"). Accordingly, the undersigned finds that this factor weighs in favor of granting Plaintiff's request for the entry of default judgment.

**F.    Policy Favoring Decisions on the Merits**

The seventh and final *Eitel* factor requires consideration of "the strong policy favoring decisions on the merits." *Drew v. Lexington Consumer Advocacy, LLC*, Case No. 16-cv-00200-LB, 2016 WL 1559717, at *10 (N.D. Cal. Apr. 18, 2016) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Of course, the "general rule" is "that default judgments are ordinarily disfavored" and "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted); *see also Collin v. Zeff*, No. CV12–8156 PSG (AJW), 2013 WL 3273413, at *7 (C.D. Cal. June 24, 2013) ("The Ninth Circuit has emphasized that 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" (quoting

14

*United States v. Signed Pers. Check No. 730 of Ybran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010))). As default judgment would dispose of this case on grounds other than the merits of Plaintiff's claims, the undersigned finds that this factor weighs against the entry of default judgment. *See, e.g.*, *United States v. Ordonez*, No. 1:10–cv–01921–LJO–SKO, 2011 WL 1807112, at *3 (E.D. Cal. May 11, 2011) (noting that the seventh *Eitel* factor "inherently weighs strongly against awarding default judgment in every case"). Nonetheless, as Defendant's failure to participate in this litigation makes "a decision on the merits impractical, if not impossible," the Court "is not precluded from entering default judgment against" Defendant. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

In summary, six of the *Eitel* factors weigh in favor of default judgment, while the strong policy in favor of deciding cases on their merits weighs against the entry of default judgment. "While the policy favoring decision on the merits generally weighs strongly against awarding default judgment, district courts have regularly held that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action." *HICA Educ. Loan Corp. v. Warne*, No. 11–CV–04287–LHK, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6, 2012) (citations omitted). As only this policy consideration weighs against default judgment, the undersigned finds that, on balance, the *Eitel* factors favor the entry of default judgment against Defendant. *See, e.g.*, *Ordonez*, 2011 WL 1807112, at *3 (finding that, "[i]n the aggregate," the seventh *Eitel* factor "is outweighed in consideration of the other applicable factors that weigh in favor of granting default judgment"); *Warne*, 2012 WL 1156402, at *3 ("In the aggregate, the seventh *Eitel* factor is outweighed by the other six factors that weigh in favor of default judgment." (citation omitted)).

### IV. AMOUNT OF JUDGMENT

The undersigned next turns to the damages requested by Plaintiff. "A plaintiff seeking default judgment 'must . . . prove all damages sought in the complaint.'" *Warne*, 2012 WL 1156402, at *4 (quoting *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010)). "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." *United States v. Yermian*, Case

No. SACV 15-0820-DOC (RAOx), 2016 WL 1399519, at *3 (C.D. Cal. Mar. 18, 2016) (quoting *Truong Giang Corp. v. Twinstar Tea Corp.*, No. 06–CV–03594, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007)). Additionally, "a default judgment must be supported by specific allegations as to the exact amount of damages asked for in the complaint." *Philip Morris USA, Inc.*, 219 F.R.D. at 499. "[I]f the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." *Id.* at 498 (citing *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)). "Entry of default judgment for money is appropriate without a hearing if 'the amount claimed is a liquidated sum or capable of mathematical calculation.'" *Warne*, 2012 WL 1156402, at *4 (quoting *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981)); *see also Yermian*, 2016 WL 1399519, at *3 ("Rule 55 does not require the court to conduct a hearing on damages, so long as it ensures there is an adequate basis for the damages awarded in the default judgment." (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991))).

Furthermore, "pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.'" *Drew*, 2016 WL 1559717, at *11 (quoting Fed. R. Civ. P. 54(c)). "The purpose of this rule is to ensure that a defendant is put on notice of the damages being sought against him so that he may make a calculated decision as to whether or not it is in his best interest to answer." *Id.* (citing *In re Ferrell*, 539 F.3d 1186, 1192–93 (9th Cir. 2008) and *Bd. of Trs. of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co.*, No. 08-2038 SC, 2009 WL 1704677, at *3–5 (N.D. Cal. June 17, 2009)).

In this case, Plaintiff requests $1,000 in statutory damages under the FDCPA and $1,000 in statutory damages under the Rosenthal Act. (*See* Doc. 1 at 6.) Turning first to Plaintiff's request for statutory damages under the FDCPA, Section 1692k(a)(2)(A) provides that "a plaintiff may claim up to $1,000 in statutory damages." *Freligh v. Roc Asset Sols., LLC*, Case No. 16-cv-00653-MEJ, 2016 WL 3748723, at *6 (N.D. Cal. June 8, 2016) (citing 15 U.S.C. § 1692k(a)(2)). "Statutory damages are limited to $1,000 per action." *Brablec v. Paul Coleman & Assocs., P.C.*, Civ. No. S-08-1843 MCE GGH, 2010 WL 235062, at *2 (E.D. Cal. Jan. 21, 2010) (citing *Clark v.*

16

*Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) and *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1238 (C.D. Cal. 2007)).

Courts are to consider the following factors, "among other relevant factors," when determining the appropriate amount of statutory damages under Section 1692k(a)(2)(A): (1) "the frequency of noncompliance by the debt collector," (2) "the nature of such noncompliance," and (3) "the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Using these factors, courts have found that numerous communications combined with aggravating circumstances—such as threats or communications to third parties—warrant the maximum statutory damages amount of $1,000. *See, e.g.*, *Sosa v. Crowning Point Sols., LLC*, No. 2:15-cv-2458-JAM-EFB, 2016 WL 3218187, at *3 (E.D. Cal. June 9, 2016). By contrast, courts have sharply reduced the recoverable statutory damages under Section 1692k(a)(2)(A) where the defendant sent only a single noncompliant communication without any aggravating circumstances. *See, e.g.*, *Branco v. Credit Collection Servs. Inc.*, No. CIV. S–10–1242 FCD/EFB, 2011 WL 3684503, at *13 (E.D. Cal. Aug. 23, 2011) (awarding the plaintiff $1 for violations of the FDCPA where the "defendant's conduct did not amount to an intent to harass or abuse," the defendant "reasonably relied on the telephone number" it used, and "the wrongful nature of the noncompliance [was] drastically mitigated by the fact that neither [the] plaintiff, nor any other person who heard the improper messages, called [the] defendant to inform it that [the] plaintiff was not the sole resident of the home").

In this case, Plaintiff is not entitled to the full potential amount of statutory damages under the FDCPA. In her Complaint, Plaintiff alleges that Defendant left a single voicemail and does not otherwise allege that Defendant engaged in egregious conduct, such as threats or contacting third parties. (*See* Doc. 1.) When addressing similar situations related to a single noncompliant communication without any aggravating considerations, courts in the Ninth Circuit have reduced the recoverable statutory damages under the FDCPA to $250. *See, e.g.*, *Hetland v. Simm Assocs., Inc.*, No. C. 13–0498, 2013 WL 4510594, at *2 (N.D. Cal. Aug. 22, 2013) (awarding $250 in statutory damages "for violating the FDCPA" where the plaintiff "only alleged that [the defendant] left her a single voicemail that, while technically noncompliant with . . . the FDCPA,

17

appears entirely courteous"); *Mejia v. Marauder Corp.*, No. C06-00520 HRL, 2007 WL 806486, at *11 (N.D. Cal. Mar. 15, 2007) (concluding that the "plaintiff [was] entitled to $250 in statutory damages" where there was "only a single collection letter at issue"). The undersigned agrees with these decisions and finds that the single noncompliant communication at issue in this case, absent any aggravating circumstances, warrants a reduced FDCPA damage amount of $250.

As to Plaintiff's request for statutory damages under the Rosenthal Act, California Civil Code Section 1788.30(b) provides that a court may award statutory damages of "not . . . less than one hundred dollars . . . nor greater than one thousand dollars." However, "unlike the FDCPA, the Rosenthal Act premises any award of statutory damages on the defendant's state of mind." *Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1296 (E.D. Cal. 2014). Specifically, a debt collector must "willfully and knowingly" violate the Rosenthal Act to warrant a recovery of statutory damages under 1788.30(b). *Id.* (quoting Cal. Civ. Code § 1788.30(b)); *see, e.g.*, *Yi v. Signet Bank/Va.*, 69 Cal. App. 4th 1377, 1395–96 (1999) (stating that Section 1788.30(b) "provides for recovery in an individual action" of "a fine of $100 to $1,000 if the creditor's violation is willful and knowing"). Finally, the Ninth Circuit has held that "[t]he Rosenthal Act's remedies are cumulative, and available even when the FDCPA affords relief." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1069 (9th Cir. 2011).

Here, Plaintiff alleges in the Complaint that Defendant's "violations . . . were knowing, willful, and intentional." (Doc. 1 ¶ 5.) As such, some award of statutory damages under Section 1788.30(b) is warranted. *See, e.g.*, *Davis*, 25 F. Supp. 3d at 1296.

Nonetheless, as previously discussed, Plaintiff alleges that Defendant left only a single infringing voicemail without any aggravating circumstances. (*See* Doc. 1.) When addressing similar allegations, courts have awarded statutory damages of $250 under the Rosenthal Act to match the reduced recovery under the FDCPA. *See, e.g.*, *Hetland*, 2013 WL 4510594, at *2; *cf. Freligh*, 2016 WL 3748723, at *8 (awarding an amount of statutory damages under the Rosenthal Act that matched the statutory damages award under the FDCPA). The undersigned agrees with these courts and finds that, given the allegations in this case, a reduced award of $250 under Section 1788.30(b) is appropriate.

18

In summary, the undersigned finds that Plaintiff is entitled to a total of $500 in statutory damages—$250 under the FDCPA and $250 under the Rosenthal Act.[4]

## V. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the undersigned RECOMMENDS that the presiding district court judge GRANT Plaintiff's Motion for Default Judgment. (Doc. 38.) The undersigned therefore RECOMMENDS that the presiding district court judge enter judgment in favor of Plaintiff and against Defendant in the amount of $500.

These findings and recommendations are submitted to the district judge assigned to this action pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of these findings and recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy of these objections on all parties. Objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **May 31, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[4] In Plaintiff's Motion for Default Judgment, Plaintiff states that she "intends on filing her motion for attorney's fees and costs" upon the Court "granting [her] request for entry of default judgment." (Doc. 38, Ex. 1 at 5.) As such, while Plaintiff requests attorneys' fees and costs in her Complaint, (*see* Doc. 1 at 6), these issues are not presently before the Court.

19