UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE LYON,<br><br>  Plaintiff,<br><br>  v.<br><br>BERGSTROM LAW, LTD.,<br><br>  Defendant. | No. 1:16-cv-00401-DAD-SKO<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>(Doc. No. 43) |

This matter came before the court on September 6, 2017 for hearing on plaintiff's motion for attorney's fees and costs. (Doc. No. 43.) Attorney Crosby S. Connolly appeared on behalf of plaintiff Nicole Lyon. No appearance was made by or on behalf of defendant Bergstrom Law, Ltd., against which default judgment has previously been entered. (Doc. No. 41.) After oral argument, the motion was taken under submission. For the reasons stated below, plaintiff's motion for attorney's fees and costs is granted.

**BACKGROUND**

Plaintiff filed suit against defendant on March 24, 2016, alleging violations of the federal Fair Debt Collection Practices Act (the "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"). (Doc. No. 1.)

/////

/////

1

On May 31, 2016, defendant filed a motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) Upon submission of briefs by both parties, and after oral argument, the court denied defendant's motion to dismiss on August 5, 2016. (Doc. No. 18.) Thereafter, and pursuant to a prior agreement between the parties, defendant's responses to plaintiff's discovery requests became due on September 4, 2016. (Doc. No. 25-2 at ¶¶ 8–9; Doc. No. 25-5.) On August 5, 2016, plaintiff's counsel emailed defendant's counsel, Katherine G. Heidbrink, confirming the date on which defendant intended to provide responses to plaintiff's discovery requests. (Doc. No. 25-2 at ¶ 13; Doc. No. 25-6.) Later that day, plaintiff's counsel emailed Jeremy Bergstrom, the managing attorney at defendant Bergstrom Law, Ltd. (Doc. No. 25-2 at ¶ 15; Doc. No. 25-7.) Plaintiff's counsel stated in his email to Mr. Bergstrom that he had recently become aware of attorney Heidbrink's departure from Bergstrom Law. (*Id.*) Plaintiff's counsel reiterated his request that Mr. Bergstrom provide the date on which defendant intended to provide responses to plaintiff's discovery requests. (*Id.*) Plaintiff's counsel received no response to this email. (Doc. No. 25-22 at ¶ 16.)

Over the following weeks, plaintiff's counsel made further efforts to contact Mr. Bergstrom and other employees of Bergstrom Law, including by phone, email, fax, and mail.[1] On October 14, 2016, after receiving no response to its requests, plaintiff filed a motion to compel defendant's discovery responses, which included a request for attorney's fees accrued in connection with the repeated attempts to contact defendant's counsel. (Doc. No. 27.) Defendant did not oppose the motion to compel, which was granted by the assigned magistrate judge on November 2, 2016 with an award of attorney's fees to plaintiff's counsel . (*Id.*) Defendant has

---

[1] The additional attempts include: (1) an email to Mr. Bergstrom and another Bergstrom Law employee on September 12, 2016 (Doc. No. 25-2 at ¶¶ 17–18; Doc. No. 25-8.); (2) a meet and confer letter sent by email, fax, and USPS to Mr. Bergstrom on September 21, 2016 (Doc. No. 25-2 at ¶¶ 19–20; Doc. No. 25-9.); (3) an email to Mr. Bergstrom on September 26, 2016 (Doc. No. 25-2 at ¶¶ 20–21; Doc. No. 25-10.); (4) a voicemail left with Yvonne McGovern, an attorney at Bergstrom Law, on September 26, 2016 (Doc. No. 25-2 at ¶¶ 22–23.); (5) separate emails sent to Mr. Bergstrom on September 28, 29, and 30, 2016 (Doc. No. 25-2 at ¶¶ 24–28; Doc. No. 25-11; Doc. No. 25-12; Doc. No. 25-13.); and (6) a voicemail left with Ms. McGovern on October 3, 2016. (Doc. No. 25-2 at ¶ 31.)

failed to comply with this order, both by refusing to respond to plaintiff's discovery requests and by failing to timely pay attorney's fees. (Doc. No. 28; Doc. No. 29.)

On December 28, 2016, plaintiff filed a motion to strike defendant's answer to the complaint. (Doc. No. 30.) Defendant did not oppose the motion. On January 17, 2017, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to strike be granted, and that default be entered against defendant. (Doc. No. 31.) On March 30, 2017, the undersigned adopted those findings and recommendations in full, struck the defendant's answer, and directed the Clerk of the Court to enter default against defendant. (Doc. No. 35.)

On April 25, 2017, plaintiff moved for default judgment. (Doc. No. 38.) On May 31, 2017, the magistrate judge issued findings and recommendations recommending plaintiff's motion for default judgment be granted. (Doc. No. 40.) On July 11, 2017, the undersigned adopted those findings and recommendations in full, granted plaintiff's motion for default judgment, and awarded statutory damages to plaintiff under both the FDCPA and the Rosenthal Act. (Doc. No. 41.) The court also directed plaintiffs to file a motion for attorney's fees and costs within fourteen days. (*Id.*) On July 24, 2017, plaintiffs filed a motion for attorney's fees and costs, which is presently before the court.

**LEGAL STANDARD**

The FDCPA provides that any debt collector who fails to comply with its provisions is liable "in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting 15 U.S.C. § 1692k(a)(3)). The language of the FDCPA makes the award of attorney's fees mandatory rather than discretionary. *Id.*

In calculating the fee award, courts are instructed to use the "lodestar method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001). The lodestar method requires multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003) (citation omitted). There is a "strong presumption" that the lodestar figure represents a reasonable award,

3

and the figure should only be departed from "if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Long v. IRS*, 932 F.2d 1309, 1314 (9th Cir. 1991)).

The district court must determine a reasonable hourly rate, taking into account the experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees in the community; and the novelty or the difficulty of the question presented. *Hiken*, 836 F.3d at 1044; *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Generally, the forum district represents the relevant legal community. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *see also Shirrod v. Dir., Office of Workers' Comp. Programs*, 809 F.3d 1082, 1087 (9th Cir. 2015); *Camacho*, 523 F.3d at 979 (determining that "generally, the relevant community [for the prevailing market rate] is the forum in which the district court sits").

After determining that the hourly rate is reasonable, the next step in calculating attorney's fees under the lodestar method is to examine the number of hours reasonably expended in prosecuting the case. Where attorney's fees are awarded, the prevailing party's counsel is normally entitled to compensation for "all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *see also Ibrahim v. U.S. Dep't of Homeland Sec.*, 835 F.3d 1048, 1060 (9th Cir. 2016). However, compensation may be reduced where there is inadequate documentation of hours expended, or where the time claimed is "excessive, redundant, or otherwise unnecessary." *Jankey v. Poop Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008) (quoting *Hensley*, 461 U.S. at 434); *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).

In addition to attorney's fees, the FDCPA also contemplates the awarding of "costs of the action" to the prevailing party. *Camacho*, 523 F.3d at 978. *Accord Marx v. General Revenue Corp.*, 668 F.3d 1174, 1179 (10th Cir. 2011), *aff'd*, 568 U.S. 371 (2013).

**DISCUSSION**

**A.    Reasonable Hourly Rate**

Plaintiff's counsel requests that he be awarded fees at the rate of $295.00 per hour. (Doc. No. 43-1 at 14.) Plaintiff's counsel submits his own declaration, as well as the declarations of

attorneys Clinton Rooney and Stephen Recordon, two consumer rights attorneys who do not practice at plaintiff's counsel's law firm.[2] (Doc. No. 43-2; Doc. No. 43-5; Doc. No. 43-6.) The court notes that "[a]ffidavits of the [plaintiff's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other case, particularly those setting a rate for the [plaintiff's] attorney, are satisfactory evidence of the prevailing market rate." *Hiken*, 836 F.3d at 1044 (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). Attorneys Rooney and Recordon declare they are familiar with plaintiff's counsel's skills, experience, and reputation. (Doc. Nos. 43-5, 43-6.) Like plaintiff's counsel, both Rooney and Recordon are consumer rights attorneys, and regularly practice before California state and federal courts. (*Id.*) On the basis of their experience and familiarity with this field of law, both attorneys Rooney and Recordon conclude that in the present litigation, an hourly rate of $295.00 would be reasonable and appropriate. (*Id.*)

Plaintiff's counsel has been employed by his present firm as an attorney for nearly five years. (Doc. No. 43-1 at 15.) His firm works exclusively in the field of consumer rights law, and he has received training in the field. (*Id.*) Plaintiff has also produced multiple declarations averring that his requested hourly rate of $295.00 is reasonable in light of his experience, expertise, and the prevailing rates in the region. (Doc. No. 43-6 at 2.) Moreover, in obtaining a default judgment, plaintiff's counsel has obtained a favorable result for his client. *See Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."); *Chalmers*, 796 F.2d at 1211 (noting that the district court should consider "the outcome of the results of the proceedings" in determining an appropriate fee award). Given his experience, training, and the prevailing market rate for consumer rights attorneys in the region, the court is satisfied an hourly rate of $295.00 constitutes a reasonable rate in the forum district for the work plaintiff's counsel performed.

/////

---

[2] In his declaration, plaintiff's counsel directs the court's attention to a total of six separate lawsuits in which courts approved the hourly rate for his requested attorney's fees. (Doc. No. 43-2 at ¶¶ 30–35.) The amounts in each case ranged from $295.00 per hour to $325.00 per hour.

1         **B.**     **Hours Reasonably Expended**

Plaintiff's counsel seeks compensation for 45.3 hours of attorney time devoted to this case. When multiplied by its requested hourly rate of $295.00, this yields a total attorney's fee in the amount of $13,363.50. (Doc. No. 43-1 at 19.) Although the time sheet submitted by plaintiff's reflect that other attorneys and administrative staff also performed work on plaintiff's behalf in the present case, plaintiff seeks an award of fees only for the work conducted by Mr. Connolly. (Doc. No. 43-3.)

Plaintiff's success in this case was made relatively straightforward by defendant's failure to contest several motions, including the present one. Nonetheless, the court is satisfied with the documentation plaintiff's counsel has presented and finds that plaintiff's counsel exerted reasonable efforts in attempting to prosecute its case in a timely manner. As a result, and in light of defendant's failure to object, the court will award plaintiff compensation for 45.3 hours, the full amount sought.

        **C.**     **Costs**

Finally, plaintiff's counsel seeks an award of costs in the amount of $406.21. These costs amount to $400.00 for the filing fee for this case, and the remaining $6.21 for envelopes and postage used in prosecution of the present action.

Expense awards "should be limited to typical out-of-pocket expenses that are charged to a fee paying client," and frequently include reimbursements for "(1) meals, hotels, and transportation; (2) photocopies; (3) postage, telephone, and fax; (4) filing fees; (5) messenger and overnight delivery; (6) online legal research; (7) class action notices; (8) experts, consultants, and investigators; and (9) mediation fees." *In re Immune Response Secs. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007); *see also Johnson v. Yates*, No. 2:14-cv-01189-TLN-EFB, 2017 WL 3438737, at *3 (E.D. Cal. Aug. 10, 2017). Plaintiff's requested costs are appropriate, and the court awards the full amount sought.

/////

/////

/////

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for the award of attorney's fees and costs (Doc. No. 43) is granted;

2. The court awards attorney's fees to plaintiff in the total amount of $13,363.50, representing 45.3 hours of attorney time expended at a rate of $295.00 per hour;

3. The court awards costs to plaintiff in the total amount of $406.21, for a total award of fees and costs in the amount of $13,769.71; and

4. Defendant shall pay the amount awarded to plaintiff's counsel within twenty-one days of the date of service of this order.

IT IS SO ORDERED.

Dated:  **September 7, 2017**                                    *Dale A. Drozd*
                                                                                    UNITED STATES DISTRICT JUDGE