UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE LYON,<br><br>    Plaintiff,<br><br>v.<br><br>BERGSTROM LAW, LTD.,<br><br>    Defendant. | No. 1:16-cv-00401-DAD-SKO<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AS TO ATTORNEY HEIDBRINK<br><br>ORDER GRANTING MOTION TO WITHDRAW<br><br>(Doc. Nos. 48, 49, 51) |

On September 8, 2017, the court issued an order requiring attorneys Katherine Heidbrink and Jeremy Bergstrom to show cause why their conduct in this case should not be referred to their respective state bars. (Doc. No. 48.) The order directed both attorneys to file written responses with the court no later than September 22, 2017. (*Id*. at 2.) On September, 25, 2017, attorney Heidbrink did so.[1] (Doc. No. 49.) Good cause appearing, the court therefore discharges its order to show cause (Doc. No. 48) as to attorney Heidbrink.

---

[1] Attorney Heidbrink explains that her tardiness in responding to the order to show cause was due to her not having received "actual notice" of the order until September 25, 2017. (Doc. No. 49 at ¶ 9.) The court notes that actual notice is not required in order for service to be proper. *Jones v. Flowers*, 547 U.S. 220, 226 (2006) ("notice [is] constitutionally sufficient if it was reasonably calculated to reach the intended recipient when sent.") (internal citations omitted). In any event, attorney Heidbrink did in fact receive actual notice of the order via electronic service to her personal email account. (Doc No. 49 at ¶ 10.)

1

In conjunction with her response to the order to show cause, attorney Heidbrink also filed a motion to withdraw as attorney for defendant pursuant to Local Rule 182(d). (Doc. No. 51-1 at 2.) Pursuant to that rule, attorney Heidbrink has provided the court with her client's last known address, as well as efforts made to notify the client of the motion to withdraw. (Doc. No. 51-5 at ¶ 12; Doc. No. 51-4 at 2.) Moreover, in accordance with California Rule of Professional Conduct 3-700(C)(5), the court finds that "[t]he client knowingly and freely assent[ed] to termination of the employment." (*See* Doc. No. 51-5 at ¶ 5) (explaining that attorney Heidbrink had made an "express agreement with Jeremy Bergstrom" to substitute in new counsel upon her departure from that firm). The court therefore grants attorney Heidbrink's motion to withdraw as attorney. Accordingly,

1. The September 8, 2017 order to show cause (Doc. No. 48) is discharged as to attorney Heidbrink; and
2. Attorney Heidbrink's motion to withdraw as attorney of record for defendant Bergstrom Law, LTD (Doc. No. 51) is granted.

IT IS SO ORDERED.

Dated: **October 3, 2017**

UNITED STATES DISTRICT JUDGE